UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARLO E. ACQUISTO,  :  **CIVIL NO. 1:08-CV-2184**
:
    Plaintiff  :  (Judge Conner)
:
    v.  :  (Magistrate Judge Smyser)
:
UNITED STATES OF AMERICA,  :
:
    Defendant  :

**REPORT AND RECOMMENDATION**

A Complaint in Quiet Title was filed in the Court of Common Pleas of Dauphin County on November 6, 2008 by Michael S. McCann against the United States Department of the Treasury. The defendant removed the action to this court on December 17, 2008 pursuant to 28 U.S.C. § 1444.[1] The allegations of the complaint are as follows. Plaintiff Acquisto is seeking to quiet title as to the premises at 2528 North Sixth Street, Harrisburg, Pennsylvania, a property that McCann, the original plaintiff here, purchased on March 15, 2007 for $1,334.00. McCann purchased the property from Linda Gustin and Lorraine

---

1. The Notice of Removal cites also 28 U.S.C. §§ 1441, 1442 and 1446.

Gustin, who had purchased the property in September of 2006 from Jimmy Negron. Negron had purchased the property on June 21, 2004 at a Dauphin County tax claim sale.

The complaint alleges that the defendant United States Department of the Treasury[2] was a party in interest in the premises when Negron purchased the premises and had been provided notice or had knowledge of that tax claim sale. The complaint acknowledges that the defendant United States Department of the Treasury may not have had notice of the sale from Negron to the Gustins. The complaint and the plaintiff's pending summary judgment motion ask the court to order that federal tax liens that were placed against the property prior to the sale to Negron, and that the United States has not withdrawn despite the tax claim sale, are now divested.

In answering the removed complaint, the United States states as a defense that it was not properly served pursuant to

---

2. The United States Department of the Treasury was named as the defendant in the original complaint. The defendant now is the United States of America.

2

28 U.S.C. § 2410(b) with notice of the 2004 Dauphin County tax claim sale. It contends accordingly that since it was not given notice of the tax claim sale that complied with statutory law, the court does not have jurisdiction in this case. *See* Answer, filed February 5, 2009. (Doc. 8).

The United States of America has been substituted for the United States Department of the Treasury as a defendant. Carlo E. Acquisto has been substituted for Michael S. McCann as the plaintiff. *See* Order of June 9, 2010 (Doc. 15).

On September 30, 2009, the United States of America filed a motion for summary judgment (Doc. 20), a memorandum in support (Doc. 21) including supporting documentation, and a LR 56.1 statement of material facts (Doc. 22).

On October 15, 2009, the plaintiff filed a motion for summary judgment (Doc. 23) and a brief in support (Doc. 25). On October 30, 2009, the plaintiff filed a brief in opposition to the defendant's motion for summary judgement (Doc. 27) and a response to the defendant's statement of material facts (Doc.

3

27-3). On November 2, 2009, the defendant filed a brief in opposition to the plaintiff's motion for summary judgment (Doc. 28). The plaintiff filed a LR 56.1 statement of material facts (Doc. 30) on November 10, 2009. The defendant filed a reply brief (Doc. 31) in support of its motion for summary judgment on November 13, 2009 and a response to the plaintiff's LR 56.1 statement of material facts on November 16, 2009.

The material facts are not in dispute, and are as follows: The United States filed notices of federal tax lien(s) against New Jerusalem Christian Church with the Dauphin County Prothonotary on December 27, 2001. The property at interest in this case, located at 2528 North Sixth Street, Harrisburg, Pennsylvania, was subject to a Dauphin County judicial tax sale on June 14, 2004. The United States Department of the Treasury and the Office of the United States Attorney for the Middle District of Pennsylvania were given notice of the Dauphin County judicial tax sale. The United States Attorney General in Washington, D.C. was not given notice of the judicial tax sale. Jimmy Negron purchased the property at interest in this case at the Dauphin County tax sale on June 21, 2004 pursuant

4

to a tax claim deed of the same date.  Linda C. Gustin and Lorraine C. Gustin purchased the property from Jimmy Negron in September of 2006.  Michael S. McCann, who was the original plaintiff in this case, purchased the property from Linda C. Gustin and Lorraine C. Gustin on March 15, 2007.  Plaintiff Carlo E. Aquisto acquired the property pursuant to a deed in lieu of foreclosure dated March 31, 2009.

It is the position of the plaintiff in this quiet title case that the tax liens of the United States were lawfully discharged in the 2004 tax claim sale proceeding and that the property is free and clear of those liens.  It is the position of the United States in this quiet title case that it had valid and subsisting tax liens[3] on the property at the time of the tax sale, that it was not given proper notice of the tax sale and that, accordingly, the federal tax liens remain undisturbed.[4]

---

3. Whether there is a single lien or multiple liens is not a material factual issue in this case.

4. In its answer to the complaint, the United States asserts that the court lacks subject matter jurisdiction.  The summary judgment argument of the United States is simply that the federal lax liens
(continued...)

The United States asserts that, in that notice of the tax sale was not mailed to the Attorney General of the United States, the United States was not given proper 28 U.S.C. § 2410(b) notice of the tax sale. The United States asserts that, therefore, the liens of the United States are not disturbed by the sale of the property and that the property is not free and clear of those liens. 26 U.S.C. § 7425.

28 U.S.C. § 2410(b) provides as to service upon the United States:

> In actions or suits involving liens arising under the internal revenue laws, the complaint or pleading shall include the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed. In actions in the State courts service upon the

---

4. (...continued)
survived the Dauphin County tax sale. *See United States v. McNeil,* 661 F. Supp. 28, 30 (E.D.Ky. 1987): 26 U.S.C. § 7425(a)(1). An action to quiet title is in essence an action in equity. The United States argues in essence that there is not a basis for the court to enter an order that disturbs the status quo. The sovereign immunity of the United States is cited by the United States as an essential component of the status quo here; i.e., in the absence of full compliance with 28 U.S.C. § 2410(b), the United States has not consented to be joined in an action to quiet title or to be judicially ordered to relinquish its liens.

> United States shall be made by serving the
> process of the court with a copy of the
> complaint upon the United States attorney for
> the district in which the action is brought or
> upon an assistant United States attorney or
> clerical employee designated by the United
> States attorney in writing filed with the clerk
> of the court in which the action is brought and
> by sending copies of the process and complaint,
> by registered mail, or by certified mail, to
> the Attorney General of the United States at
> Washington, District of Columbia.

The United States' position is that any notice short of the full range of 28 U.S.C. § 2410(b) statutory notice does not suffice. The lack of notice served upon the Attorney General of the United States in Washington D.C. defeats a finding of required notice even though service was made on the United States Attorney for the Middle District of Pennsylvania and even though the United States may be seen to have received actual notice of the tax sale proceeding, the United States asserts.

The plaintiff argues that the United States had actual notice of the pending 2004 sale by means of accepting service of notice at the Office of the United States Attorney for the Middle District of Pennsylvania in Scranton, Pennsylvania, that

7

28 U.S.C. § 2410(b) is not applicable to a judicial state tax sale because such a proceeding is not initiated or moved forward by a "complaint or pleading", and that the Pennsylvania law as to required notice (the Pennsylvania Real Estate Tax Sale Law) is applicable and was followed here.

A formally acknowledged receipt of notice of the proceeding by the United States Attorney for the district in which the proceeding is to occur constitutes actual notice to the United States. The plaintiff's argument that service upon the United States Department of the Treasury and the United States Attorney constitutes actual notice and is adequate is an argument that the statutory notice under 28 U.S.C. § 2410(b) is not required; in particular, it is an argument that service upon the Attorney General of the United States is not required. The plaintiff asserts that "<u>actual</u> notice was provided to two separate and distinct entities within the United States bureaucracy" (Doc. 25, page 4) and that "these separate and distinct notices are sufficient to fulfill the requirements of the Pennsylvania Real Estate Tax Sale Law such that the lien of

the United States is now divested." *Id.* We do not agree with this argument.

Service was not made on the Attorney General of the United States. 28 U.S.C. § 2410(b) specifically requires service upon <u>both</u> the United States Attorney <u>and</u> the Attorney General in an action involving liens arising under the internal revenue laws. The United States did not appear in the state tax claim proceeding. The record of this case does not and need not address how service upon the Attorney General affects the ability of the United States to take active notice of a pending proceeding and to appear to enforce its interests at the proceeding; however, it is fair to note that the United States Department of Justice may reasonably be expected to have geared its administration of tax lien enforcement on a basis that includes an expectation of receipt by the Attorney General in Washington, D.C. of notice of a state real property tax claim sale. It was entitled under the statute to notice to the Attorney General and did not get such notice.

9

The plaintiff seeks to justify his argument and position in part by asking the court to hold the state court judicial sale proceeding between the Tax Claim Bureau and the land owner to be a proceeding not subject to the 28 U.S.C. § 2410(b) service requirement because the proceeding is one in which a lien holder is served not with a complaint or a pleading, but with a rule to show cause.

28 U.S.C. § 2410(b) provides the procedure to be followed by a property purchaser or owner to follow to obtain a discharge or satisfaction of a claim, mortgage or lien of the United States upon real or personal property. 28 U.S.C. § 2410(a). The plaintiff points to no other basis in substantive or procedural law of the United States pursuant to which an internal revenue lien upon real property can be deemed discharged. The state law is not in conflict with the federal law. If as the plaintiff asserts the procedure in this statute were inapplicable to this proceeding, then the lien was not discharged. 26 U.S.C. § 7425(a). If the purchaser's objective was to discharge the United States' tax lien, the purchaser

10

needed to effect service upon the United States as required by the statute.

We do not construe "complaint or pleading" as used in 28 U.S.C. § 2410(b) in this context as narrowly as the plaintiff advocates, but we see that argument as inapposite. Since the United States' lien is not claimed by the plaintiff to have been discharged under the authority of some statutory procedure other than that of 28 U.S.C. § 2410, the issue must be seen to be whether proper service under that section was made.

The focal nouns in 28 U.S.C. § 2410(b) for purposes of the issue here are "actions or suits", not "complaint or pleading". The plaintiff does not argue that the 2004 Dauphin County judicial tax sale was not an action involving liens arising under the internal revenue laws, and it plainly was such an action. The statutory reference to "complaint or pleading" does not purport to set forth the definition of the kinds of actions that are the subject of the statutory requirement as to notice, but rather provides generic

11

references to typical forms used to initiate actions involving liens under the internal revenue laws.

The plaintiff argues that to have satisfied Pennsylvania law as to notice is all that was required. That argument is misplaced. The United States is not said by the plaintiff to have waived its immunity from any involuntary taking of its interests in real or personal property other than as it has through the process and under the standards established by Congress in 28 U.S.C. § 2410. The United States has not, as a matter of law, waived its interest in preserving a lien arising under the internal revenue laws and entered upon the state court record against a parcel of real property with the exception of the waiver that applies when the United States is made a party to a state court quiet title or other action under 28 U.S.C. § 2410(a).

In that the United States is immune from suit unless it consents to be sued, the United States defines and limits the substantive and procedural boundaries and conditions within which it is amenable to suit.

12

In the matter of judicially ordered state tax sales, 28 U.S.C. § 2410 sets procedural conditions and substantive rules. The statute's judgment requiring service upon the Attorney General is not a dispensable requirement, for the reason that it is a requirement in that statute.

It is recommended that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that the Clerk be directed to enter a judgment in favor of the defendant and to close the case.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: June 30, 2010.