# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLO E. AQUISTO,** | : | **CIVIL ACTION NO. 1:08-CV-2184** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 20th day of July, 2010, upon consideration of the report (Doc. 35) of the magistrate judge, recommending that the motion (Doc. 20) for summary judgment, filed by defendant the United States of America, be granted, and recommending that the motion (Doc. 23) for summary judgment, filed by plaintiff Carlo E. Acquisto ("Acquisto"), be denied, and, following an independent review of the record, it appearing that the real property in question was encumbered by multiple federal tax liens as of 2004, (see Doc. 35 at 4), that Jimmy Negron, Acquisto's predecessor in interest, purchased the property at a Dauphin County tax sale on June 21, 2004, (see id. at 4-5), and that the Attorney General of the United States was not provided with notice of the sale as required by 28 U.S.C. § 2410(b) (requiring service "by sending copies of the process and complaint, by registered mail, or by certified mail, to the Attorney General of the United States at Washington, District of Columbia"), and it further appearing that under § 2410, Congress has waived the government's sovereign immunity in those civil actions in

which the government has or claims a mortgage or lien on real property, see § 2410(a), but that this waiver does not apply unless a party strictly complies with the notice provision of the statute, see Lewis v. Hunt, 492 F.3d 565, 571 (5th Cir. 2007) (citing authority and holding that "a noncomplying complaint under 28 U.S.C. § 2410 does not invoke the statutory waiver of sovereign immunity granting consent to suit, and, consequently, cannot state a claim upon which relief could be granted"); see also Wiltshire v. Gov't of the V.I., 893 F.2d 629, 633-34 (3d Cir. 1990) (explaining that when a statute places limitations and conditions upon which the government consents to suit, those conditions must be "strictly observed and exceptions thereto are not permitted" (quoting Soriano v. United States, 352 U.S. 270, 276 (1957))), and concluding that the notice provision of § 2410 was not complied with in the above-captioned matter, (see Doc. 35 at 8-9), and noting that neither party has objected to the findings of the magistrate judge's report and

recommendation, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report and recommendation (Doc. 35) of the magistrate judge is ADOPTED.

2. The motion (Doc. 20) for summary judgment filed by defendant the United States of America is GRANTED.

3. The motion (Doc. 23) for summary judgment filed by plaintiff Carlo E. Acquisto is DENIED.

4. The Clerk of Court is directed to enter JUDGMENT in favor of defendant and against plaintiff on all claims.

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. An, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the remaining findings in the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

5.     The Clerk of Court is instructed to CLOSE this case.

                                         S/ Christopher C. Conner
                                         CHRISTOPHER C. CONNER
                                         United States District Judge